# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Jody Holcombe, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 2:15-cv-2852-PMD |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Helena Chemical Co., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff Jody Holcombe's motion for leave to serve two interrogatories upon Defendant Helena Chemical Co. (ECF No. 18.) For the reasons stated herein, the Court grants Holcombe's motion.

## BACKGROUND

This negligence action arises out of a 2012 collision between a tractor–trailer driven by Holcombe and another driven by a Helena Chemical employee. Holcombe has alleged a variety of negligence theories, including that Helena Chemical failed to enact rules and policies to properly investigate truck driver applicants; failed to enact rules and policies regarding the hiring, training, and supervision of drivers; and negligently hired, trained, and supervised the driver involved in the collision. Helena Chemical denies those allegations.

In discovery, Holcombe conducted a Rule 30(b)(6) deposition of Helena Chemical. In accordance with Rule 30(b)(6), Holcombe included in the deposition notice a list of topics for inquiry, including Helena Chemical's hiring, training, and supervision of its drivers; regulations on commercial motor vehicle operation; and Helena Chemical's compliance with those regulations. Also in accordance with that Rule, Helena Chemical produced a corporate representative to testify on its behalf regarding those topics.

At the deposition, Holcombe's attorney questioned the representative about an employment application form that the company uses for screening and hiring truck drivers and that, according to Holcombe, violates federal safety regulations. Specifically, Holcombe's counsel asked the representative how long Helena Chemical had been using the form and how many truck drivers it employs. The representative said he did not know the answer to those questions but could find out.

When the deposition ended, Holcombe's attorney prepared the two interrogatories currently at issue:

1. Please state how long Helena has been using the application form identified as Bates 129–133 and state whether that form has ever been changed or revised since it was first used. If Helena is using a different application form, please state the date the new form or forms were first used and provide a copy of any revised application forms through the present.

2. Please state the number of employee drivers that operated commercial vehicles for Helena for the years 2012, 2013, 2014, 2015 and presently. If an exact number is burdensome, you may round your answers to the nearest 100.

(Pl.'s Mot. Serve Add'l Interrogs., ECF No. 18, at 2.) Helena Chemical's attorneys objected on the ground that Holcombe had already exceeded Rule 33(a)(1)'s twenty-five interrogatory limit.[1]

## DISCUSSION

Because Helena Chemical did not consent to the two additional interrogatories, Holcombe cannot serve them unless this Court grants him leave. *See* Fed. R. Civ. P. 33(a)(1) (providing parties may serve more than twenty-five interrogatories only by stipulation or with leave of court). Granting such leave will be appropriate if the interrogatories are "consistent with Rule 26(b)(1) and (2)." *Id.* In other words, to grant leave, the Court must find that the proposed

---
1.  According to Helena Chemical, Holcombe had already served thirty-one interrogatories. Apparently, Helena Chemical consented to Holcombe serving those six additional interrogatories.

2

interrogatories seek information that is nonprivileged and relevant to a claim or defense, and that the interrogatories are "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

The Court so finds. The information sought does not appear to be privileged, and it is plainly relevant to Holcombe's above-discussed direct negligence theories. Helena Chemical contends the interrogatories are not proportional, but the Court disagrees.[2]

Rule 30(b)(6) "requires a corporation to respond to a deposition notice by designating and producing a witness who is familiar with the topics listed in the notice. The designated witness testifies on the corporation's behalf and, thus, testifies not only on his personal knowledge of a subject, but on corporate knowledge." *McCray v. Allstate Ins. Co.*, No. 3:14-cv-2623-TLW, 2015 WL 6408047, at *1 (D.S.C. Oct. 22, 2015). "It follows that, in order to comply with the rule, the corporation has an affirmative duty to ensure that its designee has knowledge of all information on the noticed topics reasonably available to the corporation and is prepared to provide complete, binding answers on that information." *Ethox Chem., LLC v. Coca–Cola Co.*, No. 6:12-cv-1682-TMC, 2014 WL 2719214, at *2 (D.S.C. June 16, 2014); *see also Bd. of Trustees of Leland Stanford Jr. Univ. v. Tyco Int'l Ltd.*, 253 F.R.D. 524, 526 (C.D. Cal. 2008) (explaining Rule 30(b)(6) implicitly requires the corporate designee to review all matters known by or reasonably available to the corporation in preparation for the deposition, even if the documents are voluminous and reviewing them would be burdensome). Here, the questions Holcombe's lawyer asked appear[3] to have fallen within the noticed topics of inquiry,

---

2.   Helena Chemical also separately contends the interrogatories are unduly burdensome and outweigh their potential benefit. However, the relative burdens and benefits of proposed discovery are merely one of the six factors that inform whether the discovery is proportional. *See* Fed. R. Civ. P. 26(b)(1). Therefore, the Court considers that argument only as part of the proportionality question.

3.   Neither party has provided the Court a copy of the deposition transcript, so the Court does not know the exact wording of counsel's questions or the designee's answers. However, Holcombe describes the questions and answers in his motion, and Helena Chemical has not challenged those descriptions. Accordingly, the Court assumes Holcombe's descriptions of the questions and answers are accurate.

3

and the representative's answers—that he could get the requested information—indicate the information was known by or reasonably available to Helena Chemical. Accordingly, the representative should have been prepared to answer those questions at the deposition.

Through the two interrogatories at issue, Holcombe is simply asking again for probative information that Helena Chemical should already have provided at the deposition. The Court sees nothing disproportional about this request.

Noting that it has approximately 500 offices in 41 states, Helena Chemical argues the interrogatories are unduly burdensome. Conspicuously, however, Helena Chemical stops short of saying that it will have to search all of its offices to answer the interrogatories. Presumably, a company as large as Helena Chemical is sufficiently sophisticated to maintain the information Holcombe seeks at its headquarters or some other designated facility. Moreover, the burden of gathering the driver data is significantly diminished by Holcombe's willingness to accept an answer that rounds to the nearest hundred.

Helena Chemical next argues the discovery is not proportional because the hiring of its other drivers is irrelevant to the collision at issue. The Court disagrees. As indicated above, Holcombe's theory of liability includes an assertion that Helena Chemical engaged in a pattern of negligent hiring by, *inter alia*, using application forms that violate federal law to hire drivers. Whatever the merits of that theory may be, the information Holcombe seeks will likely be probative in determining whether there was such a pattern. Given that the threshold for relevance in discovery is quite low, *see* Fed. R. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable."), the Court cannot accept Helena Chemical's argument.

Lastly, noting that more depositions are anticipated in this case, Helena Chemical argues that if Holcombe can follow each of those depositions with more interrogatories "simply because new issues arise," the twenty-five interrogatory limitation will "become[] worthless." (Def.'s Resp. Pl.'s Mot. Serve Add'l Interrogs., ECF No. 19, at 2.) The Court is not persuaded. As explained above, the issues in these two proposed interrogatories are not new; rather, they are matters on which Helena Chemical's representative should have been able to speak.

In sum, having considered the six proportionality factors in Rule 26(b)(1), the Court finds that the interrogatories are proportional to the needs of this case. Moreover, the Court notes that obtaining the information through written discovery will almost certainly be more efficient and cost-effective than taking a second corporate deposition. *See* Fed. R. Civ. P. 30(b)(6) advisory committee's note to 1970 amendment ("[I]f the examining party believes that certain officials who have not testified pursuant to this subdivision have added information, he may depose them."). Thus, granting leave to serve the interrogatories is warranted.

## CONCLUSION

Therefore, it is **ORDERED** that Holcombe's motion is **GRANTED**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**May 18, 2016**
**Charleston, South Carolina**

5