IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jody Holcombe, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 2:15-cv-2852-PMD |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Helena Chemical Co., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Plaintiff Jody Holcombe's motion to compel (ECF No. 44), his motion to amend his complaint (ECF No. 34), and Defendant Helena Chemical Co.'s motion to compel (ECF No. 36). For the reasons stated herein, Holcombe's motion to compel is denied without prejudice, his motion to amend is granted, and Helena Chemical's motion to compel is granted.

## BACKGROUND

This negligence action arises out of a 2012 collision between a tractor-trailer driven by Holcombe and another driven by Michael Rogers, a Helena Chemical employee. Holcombe seeks damages from Helena Chemical, asserting theories of *respondeat superior* liability and negligent supervision.

## DISCUSSION

### I. Holcombe's Motion to Compel

Holcombe seeks punitive damages. Because "the wealth of a defendant is a relevant factor in assessing punitive damages," *Branham v. Ford Motor Co.*, 701 S.E.2d 5, 24 (2010) (citation and internal quotation marks omitted), Holcombe asked Helena Chemical to produce records of its assets, profits, losses, and net worth over the past ten years. Holcombe sought

those records through five requests for production. Helena Chemical objected to all of them on the grounds that the requests were overly broad, were improperly unlimited in time and scope, sought information that would cause undue annoyance, and were not calculated to lead to the discovery of admissible evidence. The parties were unable to resolve their dispute, so Holcombe now asks the Court to compel production of the requested records.

Helena Chemical contends it has no obligation to produce evidence of its wealth unless and until Holcombe establishes a prima facie case that he is entitled to punitive damages. The Court agrees that Holcombe must make such a showing. *See Nix v. Holbrook*, No. 5:13-cv-2173-JMC, 2015 WL 791213, at *3 (D.S.C. Feb. 25, 2015) (adopting the prima-facie standard and declining to compel production of defendant's financial records until after plaintiff established the factual viability of his claim for punitive damages). The Court also agrees with Helena Chemical that Holcombe has not done so. Therefore, the Court denies Holcombe's motion.

The Court notes, however, that Holcombe has not yet been challenged to make that showing. Often, that challenge comes in the form of defense motions for summary judgment on punitive damages. *See, e.g.*, *Taylor v. McGill Envtl. Sys. of N.C., Inc.*, No. 7:13-CV-00270-D, 2015 WL 1125108, at *8 (E.D.N.C. Mar. 12, 2015) (denying motion to compel production of financial records, with leave for plaintiff to renew motion if the court denied a then-pending motion for summary judgment on punitive damages); *Nix*, 2015 WL 791213, at *3 (declining to consider compelling production of financial records until either plaintiff's punitive-damages claim survived a summary judgment motion or defense declined to file such a motion). Here, Helena Chemical has never specifically challenged Holcombe's demand for punitive damages.[1]

---

1. Although Helena Chemical did move for summary judgment on many specific issues, it did not seek summary judgment on that specific issue. Indeed, it made no challenge at all to some of Holcombe's vicarious-liability

2

It would be illogical to fault Holcombe for not crossing a hurdle that no one ever placed in his way.

Accordingly, the denial is without prejudice. Holcombe may file another motion to compel within seven days of the date of this Order. In the motion, Holcombe should state with particularity the law and facts that he believes would enable a reasonable jury to award him punitive damages. *See Robinson v. Quicken Loans Inc.*, No. 3:12-0981, 2013 WL 1704839, at *4 (S.D.W. Va. Apr. 19, 2013)*; Hoskins v. King*, 676 F. Supp. 2d 441, 450 (D.S.C. 2009). If Holcombe files such a motion, Helena Chemical shall have seven days thereafter to file a response. No reply brief may be filed unless the Court requests one later.

Given the case's procedural posture on this issue, the Court finds it would be unjust to award Helena Chemical the expenses it incurred resisting this motion. *See* Fed. R. Civ. P. 37(a)(5)(iii).

## II.     Helena Chemical's Motion to Compel

Helena Chemical has sought information about Holcombe's employment history, with a focus on his prior experience driving tractor-trailers. At his deposition, Holcombe provided the names of some of his prior employers. However, his memory of his career was incomplete. That prompted Helena Chemical to later serve Holcombe with an interrogatory and three requests for production regarding his past employment. Helena Chemical argues Holcombe inadequately answered the interrogatory and improperly responded to two of the requests.[2]

---

theories, which, if shown to involve recklessness, could conceivably lead to a punitive-damages award. *See Hoskins v. King*, 676 F. Supp. 2d 441, 450–51 (D.S.C. 2009).

2.   A procedural oddity in this case requires some housekeeping. Helena Chemical first served the interrogatory and requests on August 24, 2016, as a fourth set of discovery requests. Holcombe did not timely respond. Instead of moving to compel, Helena Chemical just re-issued the interrogatory and requests on November 2 as a fifth set of discovery requests. In its motion to compel, Helena Chemical refers to both sets and does not specify whether its motion relates to the fourth set, the fifth set, or both. Presumably, its motion involves only the fifth set, as a motion relating to the fourth would be untimely. *See* Local Civ. Rule 37.01(A) (D.S.C.). Therefore, the Court clarifies that it is considering only the fifth set and Holcombe's responses thereto.

3

### A. Interrogatory No. 1

Helena Chemical asked Holcombe for information about jobs he held from 2006 to 2016, including names of companies, supervisors at each job, company locations, beginning and end dates for each job, and the reasons he left each job. Holcombe's answer to the interrogatory was "See Plaintiff's multiple depositions."[3] Helena Chemical contends Holcombe's answer was inadequate because his deposition testimony does not contain all the requested information.

Holcombe resists Helena Chemical's motion on two grounds. First, he objects that his employment history is irrelevant. However, Holcombe did not assert that objection—or any other—when he responded to the interrogatory. Federal Rule of Civil Procedure 33(b)(4) quite plainly states that "grounds for objecting to an interrogatory must be stated with specificity" and that "any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Rather than attempt to establish good cause, Holcombe has blithely ignored Rule 33(b)(4) altogether. The Court therefore overrules his objection as waived.

Holcombe next contends that referring Helena Chemical to his deposition testimony was proper because he has no responsive knowledge beyond what he provided in his depositions. That argument has two flaws. First, parties answering interrogatories have a duty to undertake reasonable investigative efforts to find properly requested information. *See Smithfield Bus. Park, LLC v. SLR Int'l Corp.*, No. 5:12-CV-00282-F, 2013 WL 5705601, at *4 (E.D.N.C. Oct. 18, 2013). If those efforts do not enable the answering party to give complete answers, the party "should so state under oath and should set forth in detail the efforts made to obtain the information." *Nat'l Fire Ins. Co. of Hartford v. Jose Trucking Corp.*, 264 F.R.D. 233, 238–39 (W.D.N.C. 2010) (citations omitted). Holcombe has not indicated that he made any attempt to

---

3. Holcombe's deposition in this case was split into two non-consecutive days. He also gave a deposition in a worker's compensation proceeding relating to the collision.

get the information Helena Chemical requested.  Second, answering an interrogatory by referring to depositions is improper.  *See, e.g.*, *Smith v. Trawler Capt. Alfred, Inc.*, No. 2:12-cv-2866-DCN, 2014 WL 1912067, at *2 (D.S.C. May 13, 2014) ("An answer to an interrogatory that simply incorporates . . . a deposition is . . . unresponsive."); *Equal Rights Ctr. v. Post Props., Inc.*, 246 F.R.D. 29, 35 (D.D.C. 2007) ("Because Rule [33(b)(3)] requires a party to answer each interrogatory 'fully,' it is technically improper and unresponsive for an answer to an interrogatory to refer to outside material, such as pleadings, depositions, or other interrogatories." (citation omitted)); *Ill. Nat. Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 687 (D. Kan. 1991) ("Incorporation by reference to a deposition is not a responsive answer."); 8B Charles A. Wright et al., *Federal Practice and Procedure* § 2177 (3d ed. 2004) (stating that "[s]imply referring to pleadings or other discovery is frequently found insufficient" and collecting cases).

Holcombe's interrogatory answer is thus insufficient.  Holcombe is hereby ordered to respond fully to the interrogatory within fourteen days of the date of this Order.

### B.     Request for Production No. 1

Helena Chemical asked Holcombe to produce "[a]ll documents related to Plaintiff's employment identified in Helena's Fourth [sic] Set of Interrogatories."  In his response, Holcombe objected that the request was vague, ambiguous, and overly broad.  Now, however, he does not reassert or even discuss any of those objections.  Thus, he has abandoned them.  *See Stillwagon v. Innsbrook Golf & Marina, LLC*, No. 2:13-CV-00018-D, 2014 WL 1652562, at *11 n.21 (E.D.N.C. Apr. 23, 2014) (finding defendants abandoned objections asserted in their discovery responses by not reasserting them in their opposition to plaintiff's motion to compel).

5

Instead, Holcombe now argues the requested documents are irrelevant. He did not timely assert that objection in his response, so it is overruled as waived. *See Hall v. Sullivan,* 231 F.R.D. 468, 474 (D. Md. 2005) ("[I]mplicit within Rule 34 is the requirement that objections to document production requests must be stated with particularity in a timely answer, and that a failure to do so may constitute a waiver . . . .").

As Holcombe has failed to assert a valid objection, the Court hereby orders him to respond fully to this request for production within fourteen days of this Order.[4]

### C.     Request for Production No. 3

Helena Chemical asked Holcombe to produce copies of his federal and state tax returns for the years 2007 to 2015. Holcombe did not object to the request. Instead, his response was "Not in Plaintiff's possession."

Holcombe now objects to the request on the basis that his tax returns are irrelevant. Again, this objection comes too late and thus is overruled as waived. Holcombe shall produce the requested tax returns within fourteen days of the date of this Order.

### D.     Award of Costs and Attorney's Fees

Helena Chemical asks for an award of attorney's fees and costs it incurred in connection with its motion. Within five days of this Order, Helena Chemical shall provide the Court and Holcombe a statement of expenses it seeks to recover. Holcombe shall thereafter have five days to submit a brief asserting any arguments he may have for why those expenses should not be awarded. *See* Fed. R. Civ. P. 35(a)(5).

---

4.     As part of that compliance, Holcombe shall obtain, or allow Helena Chemical's counsel to obtain, the employment history information Helena Chemical seeks from the South Carolina Department of Employment and Workforce.

## V.     Holcombe's Motion to Amend the Complaint

Finally, because Helena Chemical consents, Holcombe's motion for leave to file an amended complaint is granted. He may file the proposed amended pleading within five days of the date of this Order.

## CONCLUSION

Therefore, it is **ORDERED** that Holcombe's motion to compel is **DENIED** without prejudice, that Helena Chemical's motion to compel is **GRANTED**, and that Holcombe's motion to amend is **GRANTED**.

**AND IT IS SO ORDERED.**

*(signature)*
PATRICK MICHAEL DUFFY
United States District Judge

**February 23, 2017**
**Charleston, South Carolina**

7